# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **ING PEK and ALICE PEK** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Case No. 4:18-cv-00259-ALM-KPJ |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 22, 2019, the Report and Recommendation of the Magistrate Judge was entered (the "Report") (s*ee* Dkt. #57) recommending Defendant Allstate Vehicle and Property Insurance Company's ("Allstate" or "Defendant") Motion for Partial Summary Judgment as to Plaintiffs' Bad Faith Claims Based on the Existence of a Bona Fide Dispute (the "Motion for Summary Judgment") (Dkt. #35) be Denied. *See* Dkt. #57 at 9.

Allstate filed an Objection to the Report (the "Objections"). *See* Dkts. #58, 59.[1] The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the

---

[1] Allstate's Objection is contained in docket entry fifty-eight, and Defendant's Proposed Order Granting Defendant's Objections to Report and Recommendation of the United States Magistrate Judge is docket entry fifty-nine.

ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

This case arises out of an insurance dispute. Plaintiffs Ing Pek and Alice Pek (together, "Plaintiffs") own a home located at 5960 Temple Drive, Plano, Texas 75093 (the "Property"), which was insured by Allstate. *See* Dkt. #1-2 at 3.[2] The Property suffered damage following two storms, which occurred on or about March 26, 2016, and April 21, 2017. *See* Dkt. 1-2 at 3. The parties dispute how much money Plaintiffs should receive to cover the damage to the Property under their insurance policies with Allstate as a result of the storms.

## II. DISCUSSION

Defendants' individual objections were unnumbered and appeared to readdress a few objections multiple times throughout the Objections. *See* Dkt. #58. As such, Defendant's objections are summarized below.

**Evidentiary Objections**

Defendant objects that "[t]aken cumulatively, the Magistrate[ Judge]'s conclusions are built upon [] improper findings to which Allstate objects." *See* Dkt. #58 at 2. To support this assertion, Defendant points to the Magistrate Judge's citation to Plaintiff's Original Petition, which Defendant asserts is, in fact, Defendant's Notice of Removal and Jury Demand. Defendant miscites the record.

In reviewing the evidence, the Court finds there is extensive evidence to support a finding that the Property "suffered damage to the exterior and roof during two storms, which

---

[2] Defendant objects to citations to docket entry #1-2 at 3 because Defendant asserts that this is Allstate's Notice of Removal and Jury Demand. Not so. Docket entry #1-2, also marked as Docket entry #3, is Plaintiffs' Original Petition, as filed in the state court prior to removal. Docket entry #1 includes the Notice of Removal, to which Plaintiff's Original Petition is attached. *See* Dkt. #1-2. Defendant's Jury Demand is entered at docket entry #2.

occurred on or about March 23, 2016, and April 21, 2017," including Defendant's own records. *See* Dkts. #36-2–36-6. Accordingly, this objection is **OVERRULED**.

**Rule 56(c)**

Defendant objects to the Report because "[a]ll inferences of any kind are viewed favorably to Plaintiffs." *See* Dkt. #58 at 3. Further, Defendant "objects to the Report because it improperly relies on 'mere allegations contained in the pleadings' as evidence of bad faith." *See id.* No specific "mere allegations" are cited.

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

Upon review, the Magistrate Judge's Report recommended denial of Defendant's Motion for Summary Judgment because a fact issue appropriate for the finder of fact remained regarding all causes of action addressed in the Motion for Summary Judgment. *See* Dkt. #57. In so doing, the Magistrate Judge relied on the "omissions or inconsistencies" of Allstate's reports. *See* Dkt. #57 at 8 (citing Dkt. #42-4 at 2; Dkt. #42-6 at 1; Dkt. #42-10 at 1. The Court does not find the Report took "[a]ll inferences" favorably to Plaintiffs, but considered the evidence presented by both parties. Upon review, Defendant failed to establish that the evidence in this case is so one-sided that Defendant must prevail as a matter of law. Accordingly, this objection is **OVERRULED**.

### "Denial" as a Term of Art

Defendant argues that the Report misuses the term of art "denial," and accordingly, Defendant should prevail on its Motion for Summary Judgment. *See* Dkt. 58 at 3. Regardless of whether the Report accurately used "denial" as a term of art, the Magistrate Judge's Report correctly noted that no further payments were made under Plaintiffs' second claim. Whether the claim was "denied," or the parties were "not in agreement" does not affect the fact issue in this case. Accordingly, any error was harmless. This objection is **OVERRULED**.

### Bona Fide Dispute

Finally, Defendant objects to the Report because the Report did not rely on the parties' definition of "bona fide," or provide a definition of bona fide. *See* Dkt. #58 at 4. Black's Law Dictionary, while instructive, is not law. Upon review, the Magistrate Judge correctly cited Texas case law which addresses the proper standard to assess whether there is a bona fide dispute between the parties. *See* Dkt. #57 at 5 (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48 (Tex. 1997); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994) ("Evidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith.").

Defendant further asserts that the Report misapplies the standard under *Moriel*. *See* Dkt. #58 at 4. However, Defendant improperly assumes summary judgment is proper despite questions of fact regarding Allstate's reports. Because there is a threshold question regarding the reports, the Court need not reach the ultimate question of whether a bona fide dispute exists because there is a genuine issue of material fact at the heart of Plaintiffs' claims. As such, this issue is properly a question for the factfinder and this objection is **OVERRULED**.

## III. CONCLUSION

Upon review, the Objections (Dkt. #58) are **OVERRULED**.

Defendant's Motion for Partial Summary Judgment as to Plaintiffs' Bad Faith Claims Based on the Existence of a Bona Fide Dispute (Dkt. #35) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 23rd day of May, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE